## MOSER v. SIMMONS.

*Real property—Broker's commission payable and paid out of first cash payment—Purchaser failed to pay balance of purchase price—Land owner cannot recover commission retained by broker.*

Where a contract between a landowner and a broker for sale of a farm provides that the broker shall receive his commission "out of the first cash payment at the time of sale," and a sale is effected, and $300 is paid down, which is retained by the broker in satisfaction of his commission, the subsequent failure and refusal of the purchaser to pay the balance of the purchase price does not give the landowner a right of recovery of the commission retained by the broker.

(Decided November 7, 1924.)

ERROR: Court of Appeals for Knox county.

*Mr. B. B. Ferenbaugh,* for plaintiff in error.
*Mr. Columbus Ewalt* and *Mr. Barton W. Blair,* for defendant in error.

HOUCK, J. This is a proceeding in error from the common pleas court of Knox county, Ohio. The plaintiff in error was the plaintiff below, and the defendant in error was the defendant below. Hereafter in this opinion the parties hereto will be referred to as plaintiff and defendant.

This suit grows out of a written contract between plaintiff and defendant's employer, H. H. Masters, a real estate agent who had agreed to find a purchaser for a certain farm belonging to plaintiff. Simmons, as the agent and employe of Masters, found a purchaser for the plaintiff's farm, at a

price agreed upon between the purchaser and plaintiff. A contract of sale was executed between the vendor and vendee, at which time the vendee paid $300 on said contract of purchase, which was retained by the defendant as employe of Masters. It is conceded that defendant found the purchaser and sold the farm. Thereafter Simmons retained his fee and turned over the balance of the $300 to Masters.

By the terms of the written agreement between plaintiff and his real estate agent, Masters was to receive a commission of five per cent. The written agreement further provided:

"Said H. H. Masters is hereby authorized to find a purchaser for and to sell said real estate. * * *

"If said H. H. Masters shall find a purchaser for said property or if a sale or contract for sale of the same, or any part thereof, be made during the duration of this contract, or before it is withdrawn from this agency, either through this agency or by said owner, or any party whatsoever, the said H. H. Masters shall be paid the full amount of commission to be paid out of the first cash payment at the time of sale, which is to be 5 per cent."

After plaintiff had offered his testimony and rested his case, the defendant moved the court for a directed verdict, which motion the court sustained, and the jury returned a verdict as per instructions of the trial judge for the defendant.

The only question raised is the claimed error in the trial judge sustaining the motion for a directed verdict. The decisive question here is as to the proper interpretation of, and the force and

effect in law to be given to, the quoted language of the contract—whether or not Masters or his employe could legally retain the $300 paid on the purchase price, in view of the fact that the purchaser failed and refused to pay the balance on the purchase price, and did not take the farm. The trial judge interpreted and construed the quoted language of the contract to be that the real estate agent had the right to retain the $300, and so instructed the jury. Question: In thus instructing the jury to return a verdict for the defendant, did the trial judge commit prejudicial error against the plaintiff?

We have read the language under review with much care, and, as we view it, the construction placed upon it by the trial judge is correct, and clearly responsive to the usual and ordinary meaning of the words and sentences contained in the paragraph of the contract under consideration. It is clear to us that the language sought to be construed and interpreted is not contradictory, obscure, or ambiguous, and the meaning is not doubtful. We find and hold the rule to be that a contract must and should receive a reasonable interpretation, according to the intention of the parties at the time of its execution, if that intention can be ascertained from the language used in the instrument. The language in this contract being clear, plain, and certain, it seems to us that but one meaning can be applied thereto, namely, that the real estate dealer is and was entitled to retain the $300 in question. We think it unnecessary to discuss the case further than to say that we find no error prejudicial to the plain-

tiff. The judgment of the common pleas court should be and now is affirmed.

*Judgment affirmed.*

PATTERSON and SHIELDS, JJ., concur.